**Leonard D. DuBoff, OSB #77437**
lduboff@dubofflaw.com
The DuBoff Law Group, LLC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Telephone: (503) 968-8111
Facsimile: (503) 968-7228
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ZELPRO ASSEMBLY SOLUTIONS, LLC** an Oregon limited liability company, **CIRCUIT MANUFACTURING, INC.**, an Oregon corporation, and **CALVIN RASMUSSEN**, an individual,<br><br>                                        Plaintiff,<br><br>    v.<br><br>**STINGL PRODUCTS, LLC**, a Virginia limited liability company, **DAVID STINGL**, an individual, AND **TONY SIRIANNI**, an individual,<br><br>                                        Defendants. | Civil Action No. CV 11-519 ST<br><br>**THIRD AMENDED COMPLAINT**<br>Breach of Contract, Goods Sold and Delivered, Account Stated, and Fraud and Misrepresentation<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, ZelPro Assembly Solutions, LLC, Circuit Manufacturing, Inc., and Calvin

Rasmussen, allege as follows:

///

**Page 1 – THIRD AMENDED COMPLAINT**

## JURISDICTION AND VENUE

1. Plaintiff, ZelPro Assembly Solutions, LLC ("ZelPro"), is a limited liability company formed under the laws of the State of Oregon, having its principal place of business in the State of Oregon, and its members are citizens of the State of Oregon and the State of Massachusetts. Plaintiff, Circuit Manufacturing, Inc. ("Circuit Manufacturing") is a corporation incorporated under the laws of the State of Oregon having its principal place of business in the State of Oregon. Plaintiff, Calvin Rasmussen ("Rasmussen"), is a citizen of the State of Oregon. Defendant, Stingl Products, LLC ("Stingl") is a limited liability company formed under the laws of the State of Virginia, having its principal place of business in the State of Virginia, and whose members are citizens of Colorado, Florida, Maryland, New Jersey, New York, Virginia, and Washington D.C.. Individual Defendant Tony Sirianni ("Sirianni") is a citizen of the State of Maryland and individual Defendant David Stingl ("Stingl") is a citizen of the State of Virginia. The matter in controversy exceeds, exclusive of interest and costs, $75,000.

2. Venue is proper in this district because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

3. At all times material hereto, Plaintiff ZelPro is an Oregon limited liability company, licensed to and doing business in the state of Oregon.

4. The individual Plaintiff, Calvin Rasmussen is an individual residing at 12135 SW Lesser Road, Portland, Oregon, 97219.

5. The Defendant, Stingl Products, LLC is now and has been at all material times a Virginia limited liability company.

**Page 2 – THIRD AMENDED COMPLAINT**

6. The individual Defendant, Tony Sirianni is an individual residing in the state of Maryland.

7. The individual Defendant, David Stingl is an individual residing in the state of Virginia and is the founder of Stingl Products, LLC.

8. Circuit Manufacturing is an Oregon corporation, licensed in the state of Oregon and with its principal place of business in Oregon.

## COMMON FACTS

9. Circuit Manufacturing was in the business of producing the SR-500 Stingl Switch. All products were manufactured in Oregon and sold from Oregon.

10. On or about November 2008, Defendants contacted Circuit Manufacturing by phone regarding placing an order for SR-500 Stingl Switches.

11. Circuit Manufacturing agreed to produce and sell to Defendant certain materials including but not limited to SR-500 Stingl Switches for a total value of $2,362,834.00 to be paid by Defendants upon Net 30 days.

12. The abovementioned goods were produced in Oregon and the vast majority of the goods were sent from Oregon in multiple shipments beginning on or about December 2008 and continuing periodically until on or about November 2009.  Approximately 12,000 units were shipped to Defendants in Virginia; any product not shipped remains in the custody of Plaintiff. Defendants accepted delivery of all goods shipped by Circuit Manufacturing beginning on or about May 2009 and continuing periodically until on or about November 2009.

13. On or about January 2009, Circuit Manufacturing filed a UCC-1 Financing Statement, securing its interest in the SR-500 Stingl Switches.

14. Said goods were reasonably worth the sum of $2,362,834.00 and Defendants agreed to pay Circuit Manufacturing that amount upon Net 30 days.

15. Defendants did not pay any part thereof, except the sum of $459,113.96, causing a balance due, owing and unpaid in the sum of $1,903,720.04.

16. On or about November 2009, after the goods had been sent from Oregon and delivered to Defendants, Circuit Manufacturing was unable to pay its obligations to Sterling Savings Bank since Defendants had not paid Circuit Manufacturing. On November 24, 2010, Sterling Savings Bank foreclosed on its security interest in Circuit Manufacturing, seizing all assets, including the claim against Stingl Products, LLC and Tony Sirianni individually.

17. On or about November 29, 2010, Plaintiff Rasmussen acquired from Sterling Savings Bank the assets seized from Circuit Manufacturing in a foreclosure sale.

18. On or about November 29, 2010, Plaintiff Rasmussen entered into an Assignment Agreement with Plaintiff ZelPro, whereby Plaintiff Rasmussen assigned the assets purchased from Sterling Savings Bank to Plaintiff ZelPro in exchange for payment.

19. Exhibit A of the Assignment Agreement between Plaintiff Rasmussen and Plaintiff ZelPro states that the assignment includes "….claims against 3rd parties including the claim Circuit Manufacturing, Inc., had against Stingl Products, LLC and Tony Sirianni, individually…"

20. On or about December 21, 2010, Plaintiff ZelPro filed a UCC-1 Financing Statement Amendment, securing its interest in the SR-500 Stingl Switches.

21. Defendants contend that any transactions they had were with Circuit Manufacturing. Defendants further contend that any claims against them were improperly transferred from Circuit Manufacturing to ZelPro.

Page 4 – THIRD AMENDED COMPLAINT

22. Defendants have still not paid any part thereof, except the sum of $459,113.96, and a balance due, owing and unpaid in the sum of $1,903,720.04, plus interest.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract – Against all Defendants)

23. Plaintiffs reallege paragraphs 1 through 22.

24. As alleged above, Circuit Manufacturing agreed to produce and sell SR-500 Stingl Switches to Defendants for a total value of $2,362,834.00 to be paid by Defendants.

25. Pursuant to Defendant's request, Circuit Manufacturing provided Defendants with products and sent billing statements to Defendants.

26. Circuit Manufacturing performed all conditions precedent on its part to be performed.  Despite notice and demand, Defendants have neglected, failed and refused to make payment for the goods it received.

## SECOND CLAIM FOR RELIEF

### (Goods Sold and Delivered- Against all Defendants)

27. Plaintiffs reallege paragraphs 1 through 26.

28. Between May 2009 and November 2009, Defendants accepted delivery of approximately 12,000 SR-500 Stingl Switches and Defendants are now indebted to Plaintiffs for the agreed and reasonable value thereof.

29. Said goods were reasonably worth the sum of $2,362,834.00 and Defendants agreed to pay that amount for said goods.

30. Upon delivery, the goods had a value of $2,362,834.00. Therefore, Plaintiffs are entitled to interest at the rate of Nine Percent (9%) Per Annum pursuant to Oregon Revised Statutes Chapter 82 on the outstanding balance due since the above due date.

Page 5 – THIRD AMENDED COMPLAINT

### THIRD CLAIM FOR RELIEF

### (Account Stated – Against all Defendants)

31. Plaintiffs reallege paragraphs 1 through 30.

32. An account has been stated between Circuit Manufacturing and Defendants and upon such statement of account Defendants were indebted to Circuit Manufacturing in the sum of $2,362,834.00 with interest thereon at a rate of Nine Percent (9%) Per Annum from the date of delivery.

33. Defendant agreed to pay Circuit Manufacturing the sum of $2,362,834.00.

34. On or about November 29, 2010, Plaintiff Calvin Rasmussen acquired from Sterling Savings Bank the assets seized from Circuit Manufacturing in a foreclosure sale including the right to collect the sum owed by Defendants and the claims against Defendants.

35. On or about November 29, 2010, Plaintiff Rasmussen assigned the Circuit Manufacturing assets, including the right to collect the sum owed by Defendants and the claims against Defendants to Plaintiff ZelPro.

36. Defendants have not paid Plaintiffs said sum, and there is now due and owing to Plaintiffs from Defendants the sum of $1,903,720.04, with interest thereon at a rate of Nine Percent (9%) Per Annum from the date of delivery.

### FOURTH CLAIM FOR RELIEF

### (Fraud and Misrepresentation– Against Defendant Tony Sirianni and David Stingl, Individually)

37. Plaintiffs reallege paragraphs 1 through 36.

38. As alleged above, Defendants contacted Circuit Manufacturing in Oregon to request shipment of and purchase SR-500 Stingl Switches and Defendant Sirianni represented to

Page 6 – THIRD AMENDED COMPLAINT

Circuit Manufacturing that his company had the ability to pay for the products purchased and would timely pay for them.

39.     Periodically, Defendant Sirianni would represent that he had consummated an agreement with various purchasers whereby the product would be sold and payment would be made to Circuit Manufacturing.

40.     Defendant Sirianni knew this statement and related representations to be false and intended Plaintiffs to rely upon them.

41.     Defendant Sirianni intended to defraud Plaintiffs.

42.     Plaintiffs relied upon the statement of Defendant Sirianni without knowledge of their falsity.

43.     Periodically, Defendant Stingl would represent and verify that Defendant Sirianni had consummated an agreement with various purchasers, whereby the product would be sold and payment would be made to Circuit Manufacturing.

44.     Defendant Stingl knew this statement and related representations to be false and intended Plaintiffs to rely upon them.

45.     Defendant Stingl intended to defraud Plaintiff.

46.     Plaintiffs relied upon the statement of Defendant Stingl without knowledge of their falsity.

47.     Plaintiffs reliance on the misrepresentation and fraud by Defendants Sirianni and Stingl damaged Plaintiffs in an amount in excess of $1,903,720.04.

## JURY DEMAND

48.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiffs demand the following relief:

**Page 7 – THIRD AMENDED COMPLAINT**

1) Pursuant to the first claim for relief, for damages in the amount of $2,362,834.00, prejudgment interest at the rate of Nine Percent (9%) Per Annum from the date of delivery until entry of judgment;

2) Pursuant to the second claim for relief, for damages in the amount of $2,362,834.00, together with interest thereon at the rate of Nine Percent (9%) Per Annum from the date of delivery until entry of judgment;

3) Pursuant to the third claim for relief, for damages in the amount of $1,903,720.04, prejudgment interest at the rate of Nine Percent (9%) Per Annum from the date of delivery until entry of judgment;

4) Pursuant to the fourth claim for relief, for damages in the amount of $1,903,720.04;

5) Pursuant to the fourth claim for relief, for punitive damages in the amount of $6,000,000.

6) Reasonable attorneys fees and costs;

///

//

/

For pre-judgment and post judgment interest; and

7) For such other relief as the Court deems just and equitable.

DATED this 31st day of January, 2012.        **The DuBoff Law Group, LLC**

_____
Leonard D. DuBoff, OSB # 774378
lduboff@dubofflaw.com
6665 SW Hampton St., Ste. 200
Portland, OR 97223
Telephone: (503) 968-8111
Facsimile: (503) 968-7228

Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2012, the foregoing was served via Email on the following:

| | |
|---|---|
| Garrett Garfield, Garrett.Garfield@hklaw.com<br>Holland & Knight<br>Attorneys at Law<br>2300 U.S. Bancorp Tower<br>111 S.W. Fifth Avenue<br>Portland OR 97204 | Mark Mcculloch, mm@pmblaw.com<br>Corey Tolliver, ct@pmblaw.com<br>Powers, Mcculloch & Bennett, LLP<br>Attorneys at Law<br>1300 SW Fifth Ave., #1720<br>Portland, OR 97201-5637 |
| | _____<br>Leonard D. DuBoff, OSB # 774378<br>lduboff@dubofflaw.com |

Page 9 – THIRD AMENDED COMPLAINT