IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZELPRO ASSEMBLY SOLUTIONS, LLC, an Oregon limited liability company; CIRCUIT MANUFACTURING, INC., an Oregon corporation, and CALVIN RASMUSSEN, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>STINGL PRODUCTS, LLC, a Virginia limited liability company; DAVID STINGL, an individual; and TONY SIRIANNI, an individual,<br><br>　　　　　　　Defendants,<br><br>NAC GROUP, INC., a Florida corporation.<br><br>　　　　　　　Defendant-Intervenor. | Case No. 3:11-cv-00519-ST<br><br>FINDINGS AND RECOMMENDATION |

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

Plaintiffs allege various claims against defendants Stingl Products, LLC ("Stingl Products"), David Stingl, and Tony Sirianni. By Opinion and Order dated December 18, 2012, this court granted summary judgment to plaintiffs against only Stingl Products and only on their claims for breach of contract, goods sold and received, and account stated. Plaintiffs have now filed a Motion for Judgment as to Fewer Than All Claims or Parties (docket # 88) against Stingl Products. Pursuant to FRCP 54(b), the court may enter "a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

According to plaintiffs, delay in entering a final judgment may adversely affect their ability to collect a judgment. Stingl Products has not made a payment to plaintiffs since January 2010, and information provided in discovery suggests that its earnings have been declining and has raised concerns that its inventory is not being maintained in accordance with a security agreement between Stingl Products and plaintiff Circuit Manufacturing, Inc. ("Circuit"). DuBoff Decl. (docket # 89), ¶ 2. In addition, plaintiffs assert that the remaining claims against defendants David Stingl and Tony Sirianni predominantly concern fraud and misrepresentation and are substantially separable from the claims adjudicated in the motion for partial summary judgment.

Defendant-Intervenor, NAC Group, Inc. ("NAC"), objects to plaintiffs' motion for two reasons. First, it complains that plaintiffs did not comply with the meet-and-confer requirement under LR 7-1 prior to filing the motion. However, plaintiffs' counsel disputes that assertion by reciting at least two attempts made several days before filing the motion to discuss it with NAC's counsel. DeBoff Reply Decl. (docket # 93), ¶ 2. He left a voicemail message for NAC's counsel

2 - FINDINGS AND RECOMMENDATION

at his office and also reached him on his cell phone, but NAC's counsel was busy and said he would call back which he failed to do. *Id.* When the call was not returned, plaintiffs' counsel assumed that NAC has no issue with the motion and filed it. *Id*, ¶ 3. This is sufficient evidence to satisfy the meet-and-confer requirement.

Second, NAC urges denial of plaintiffs' motion until NAC's counterclaim against defendants is resolved. In its Answer to the Third Amended Complaint, NAC alleges that it sold goods to Circuit on credit which Circuit never paid. NAC further alleges that in February 2011, it obtained a money judgment against Circuit for $258,294.24, together with interest accruing at 9% per annum. To satisfy that judgment, as well as a potential fraudulent conveyance claim,[1] plaintiffs executed a Transfer Agreement effective September 1, 2011, in which they assigned their "present and future rights, title and interest" in this action against Stingl Products to NAC in an amount sufficient to satisfy NAC's judgment against Circuit. Tolliver Decl., Ex. A. As a result, NAC claims to be the rightful owner of plaintiffs' claims against Stingl Products to the extent necessary to satisfy NAC's judgment against Circuit and has alleged a counterclaim against defendants for breach of contract seeking damages in that amount.

NAC objects to any judgment in favor of plaintiffs that does not refer to their assignment to NAC of their claims against Stingl Products. Otherwise, it argues that Stingl Products could face multiple liabilities: to plaintiffs for the full amount sought and to NAC for another $300,000.00. Thus, NAC urges the court to await resolution of NAC's counterclaim against Stingl Products before entering any judgment.

In response to that objection, plaintiffs have indicated their willingness to include NAC in the judgment as a judgment creditor of Stingl Products and, at the court's request, have filed a

---

[1] NAC's proposed Answer in support of their Motion to Intervene (docket # 15-1) and initial Answer (docket # 36) included a counterclaim against plaintiffs for fraudulent conveyance which was omitted in NAC's subsequent Answers (dockets # 54 & # 61) filed after execution of the Transfer Agreement.

3 - FINDINGS AND RECOMMENDATION

proposed form of judgment to that effect (docket # 95). That Proposed Judgment provides for a judgment in favor of plaintiffs and NAC against Stingl Products "in the amount of $1,903,720.04 with prejudgment interest at the rate of 9% and postjudgment interest at the rate of 9%, along with costs, subject to the condition that the portion of this judgment that NAC Group, Inc. may recover from Stingl Products, LLC is limited to $233,036.44 plus prejudgment interest at a rate of 9% from December 1, 2009."

NAC objects to plaintiffs' Proposed Judgment because it does not clearly establish that NAC has priority over plaintiffs as a judgment creditor. Relying on Oregon law, NAC claims that it has a first-position security interest in plaintiffs' claims against Stingl Products and a first-position assignment interest, both of which entitle NAC to priority over any funds collected from Stingl Products up to the amount of NAC's judgment against Circuit. Therefore, NAC has submitted another proposed judgment (docket # 100) which names both plaintiffs and NAC as judgment creditors, recites that NAC's portion of the judgment "is limited to $233,036.44 plus interest at a rate of 9% per annum from December 1, 2009, until paid," and, most importantly, adds that "[a]ny recovery obtained must first go to NAC Group, Inc. in satisfaction of NAC Group, Inc.'s portion of this judgment."

Needless to say, plaintiffs object to NAC's proposed judgment. They point out that it requires this Court to decide the issue of priority between plaintiffs and NAC based on unsettled state law. They also note that the parties' obligations are governed by the Transfer Agreement which is intentionally silent on the issue of priority. Due to defendants' failure to pay Circuit, Circuit was unable to pay several suppliers who, in turn, obtained judgments against Circuit. DuBoff Decl. (docket # 104), ¶ 2. At one point, Circuit and the other creditors were on the verge of reaching a global settlement which fell through because NAC was uncooperative. *Id.* At least

4 - FINDINGS AND RECOMMENDATION

one creditor has refrained from intervening in this case in exchange for plaintiffs' binding commitment to pay it from the proceeds of this case. *Id.* A judgment which gives NAC priority would disadvantage Circuit's other similarly situated judgment creditors. Therefore, when negotiating the Transfer Agreement, plaintiffs explicitly rejected NAC's proposed provision that NAC be paid before any of Circuit's other judgment creditors, and NAC agreed to that delete that provision. *Id*, ¶ 3. Plaintiffs fear that if a judgment in this case gives priority to NAC, then other of Circuit's creditors may attempt to intervene, resulting in an increased burden on the Court and reducing the amount of plaintiffs' ultimate recovery from Stingl Products.

This issue of whether NAC has priority over plaintiffs with respect to any judgment proceeds recovered from Stingl Products is not presented by any of the claims or counterclaims currently alleged in this case. Instead, this issue has arisen solely with respect to the appropriate wording of plaintiffs' proposed FRCP 54(b) final judgment. NAC claims that it is entitled to priority based on the Transfer Agreement. Any disputes between the parties as to NAC's priority based on that Transfer Agreement are best resolved by the state courts, not this Court. Given plaintiffs' legitimate concern as to the potential dissipation of assets by Stingl Products, the interests of plaintiffs and all of its judgment creditors, including NAC, are best protected by entry of a final judgment under FRCP 54(b) against Stingl Products that can be executed on immediately.

## **RECOMMENDATION**

For the reasons set forth above, plaintiffs' Motion for Judgment as to Fewer Than All Claims or Parties (docket # 88) should be GRANTED as requested by plaintiffs (docket # 95).

///

///

5 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 11, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 21st day of February, 2013.

                                                               s/ Janice M. Stewart_____
                                                               Janice M. Stewart
                                                                United States Magistrate Judge